**Timothy Ray PATRICK,**
**Plaintiff–Appellant,**

v.

**Greg MARTIN, Defendant–Appellee.**

No. 09–35530.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 19, 2010.*

Filed Nov. 2, 2010.

Timothy Ray Patrick, Salem, OR, pro se.

Samuel Abraham Kubernick, Esquire, Assistant Attorney General, Office of the Oregon Attorney General, Salem, OR, for Defendant–Appellee.

Before: O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Timothy Ray Patrick, an Oregon state prisoner, appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging violations of his Eighth and Fourteenth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir.2007) (summary judgment based on qualified immunity); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)), and we affirm.

The district court properly granted summary judgment on qualified immunity grounds on the deliberate indifference claim because Patrick failed to raise a triable issue as to whether defendant, a correctional officer, informed other in-

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mates that Patrick was a snitch or sent an inmate to attack Patrick. *See Farmer v. Brennan*, 511 U.S. 825, 834–37, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (discussing deliberate indifference standard); *Rodriguez v. Maricopa County Cmty. College Dist.*, 605 F.3d 703, 711 (9th Cir.2010) (a defendant is entitled to qualified immunity if there is no constitutional violation); *see also Nilsson v. City of Mesa*, 503 F.3d 947, 952 n. 2 (9th Cir.2007) (a conclusory affidavit unsupported by facts is insufficient to raise a triable issue).

■ The district court properly dismissed the sexual harassment claim based on defendant's comments to Patrick, because verbal harassment is insufficient to state a section 1983 claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987).

Patrick's remaining contentions are unpersuasive.

**AFFIRMED.**